UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:21-cr-697 SRC (DDN) |
| | ) |
| DANIEL BERT, | ) |
| | ) |
|     Defendant. | ) |

**MOTION TO MODIFY CONDITIONS OF RELEASE**

COMES NOW Defendant, Daniel Bert, by and through counsel, hereby moves this Court, pursuant to 18 U.S.C. § 3145(a)(2), to modify condition (aa) of the conditions of release imposed by this Court to authorize his use of a randomly searched, software monitored smartphone. In support of this motion, Defendant states as follows:

1. Defendant is charged in a one-count indictment with transportation of child pornography.

2. Defendant was arrested on December 20, 2021.

3. On that same date, this Court released him from custody on a personal recognizance bond and a combination of conditions of release designed to reasonably assure his appearance as required and the safety of any other person and the community. *See* Doc. Text 11.

4. Condition (aa) prohibits Defendant from using a smartphone. *See id.* at p. 3.

5. This prohibition is inconsistent with the text of 18 U.S.C. § 3142(c)(1)(B) because this Court can effect the prohibition's purpose through less restrictive means.

6. It is also inconsistent with pretrial release conditions imposed on similarly situated defendants within this and other districts and in tension with the supervised release

1

conditions the Eighth Circuit has generally approved for defendants convicted of the same and more serious child pornography offenses.

7. Title 18 U.S.C. 3142(c) mandates pretrial release "subject to the least restrictive… condition, or combination of conditions, that…will reasonably assure the appearance of the person as required and the safety of any other person and the community…." 18 U.S.C. § 3142(c)(1)(B).

8. Presumably, the sex-offender specific conditions of release that prohibit computer use are intended to protect the community by ensuring Defendant does not use the internet to access child-pornographic material.

9. But less restrictive means commonly used by courts can achieve this same purpose, specifically, smartphone monitoring software and random searches.

10. These means will allow Defendant to use a smartphone[1] and, at the same time, reasonably assure that he does not use it to access illicit material.

11. They will also reconcile his release conditions with those imposed on pretrial releasees charged with similar offenses, who courts in this district and others have authorized to use a software monitored, randomly searched smartphone. *See, e.g.*, *United States v. James Young*, 3:19-cr-20031 NJR (SDIL 2019), Doc. No. 11, p. 2, Condition 7(v) (possession, receipt, and distribution of child pornography); *United States v. Justin Robart*, 4:17-cr- 598 AGF (PLC) (EDMO 2017), Doc. No. 16 (receipt of child pornography); *United States v. Robert Scott Brown*, 4:17-cr- 255 RWS (DDN) (EDMO 2017) (possession of child pornography), Doc. No. 42, p. 12; *United States v. Alden Dickerman, 4:16-cr-258 HEA (NAB)* (EDMO 2016)*, Doc.* Nos. 104-106 (possession of child pornography); *United*

---

[1] Among other things, Defendant uses a computer to bank, pay bills, communicate for employment purposes and job opportunities, communicate with friends, family, read the news and listen to music.

*States v. Brian Duesenberg*, 4:15-cr-488 ERW (NAB) (EDMO 2015), Doc. No. 5, Condition 7(aa), p. 3 (possession of child pornography); *United States v. Timothy Carron*, 4:15-cr-160 AGF (DDN) (EDMO 2015), Doc. No. 24 (possession of child pornography); and *United States v. Christopher Hager*, 4:14-cr-392 AGF (TCM) (EDMO 2014), Doc. No. 23 (Possession of Child Pornography).

12.  Defendant's proposed modification will also undo the tension between this Court's prohibition and the general rule applied by the Eighth Circuit to defendants convicted of possession and receipt of child pornography offenses.

13. For example, in *United States v. Crume*, 422 F.3d 728 (8th Cir. 2005), and *United States v. Wiedower*, 634 F.3d 490 (8th Cir. 2011), the Eighth Circuit struck down supervised release conditions that prohibited a receipt and possession of child pornography defendant, respectively, from using a computer without the prior approval of a probation officer. *See Crume*, 422 F.3d at 733; *Wiedower*, 634 F.3d at 494-495; *see also United States v. Deatherage*, 682 F.3d 755, 764 (8th Cir. 2012) (upholding condition of supervised release for possession of child pornography defendant because it permitted him to use a computer subject to "monitoring devices" and "unannounced examination of [his] computer and storage devices").

14. In *Crume*, the Eighth Circuit concluded "that the district court [could] impose a more narrowly-tailored restriction on Crume's computer use through" content restrictions enforced by random searches and monitoring software. *See Crume*, 422 F.3d at 733; *see also United States v. Freeman*, 316 F.3d 386, 392 (3rd Cir. 2003) (finding "no need to cut off the [defendant's] access to email or benign internet usage when more focused restriction, limited to pornography websites and images, can be enforced by unannounced inspections of material stored on [his] hard drive or removable disks").

3

15. Likewise, in *Wiedower*, the court relied on *Crume* to vacate an identical condition and "remand th[e] case for the district court to create a more narrowly tailored" restriction. *Wiedower*, 634 F.3d at 496.

16. In both cases, the Eighth Circuit's reasoning relied on its "reluctan[ce] to uphold sweeping restrictions on important constitutional rights" and its recognition of the internet as an "important medium of communication, commerce, and information gathering." *Crume*, 422 F.3d at 733; *see also United States v. Mark*, 425 F.3d 505, 509 (8th Cir. 2005) (noting the "virtual[] indispens[ability]" of "computers and Internet access…in the modern world of communications and information gathering") (citing *United States v. Sofsky*, 287 F.3d 122 (2nd Cir. 2002)).

17. This same reasoning applies here, only with greater force given the presumption of innocence Defendant enjoys.

18. Defendant, through counsel, has discussed this matter with assistant United States attorney, Kyle Bateman. Mr. Bateman has no objection to Defendant's request.

19. Defendant, through counsel, has also discussed this matter with United States Pretrial Services Officer, Dan Fahl. Mr. Fahl has no objection to Defendant's request.

For the foregoing reasons, Defendant respectfully requests this Court modify condition (aa) of the conditions of release it imposed to authorize the use of a randomly searched, software monitored smartphone.

Respectfully submitted,

By: */s/ Marc Johnson*

Marc Johnson, #580655 MO
Attorney for Defendant
120 S. Central Avenue, Suite 130

4

                    Clayton, Missouri 63105
                    (314) 862-4332
                    afein@rsflawfirm.com.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2022, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Mr. Kyle T. Bateman, Assistant United States Attorney.

.